IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW AND MELISSA PROUSI | CIVIL ACTION |
| Plaintiffs, | |
| v. | |
| | NO. 08-2208 |
| THE BANKCORP BANK. | |
| Defendant. | |

**<u>MEMORANDUM</u>**

The complaint in this case can be characterized as asserting unfair and deceptive acts and practices under the rubric of "predatory lending," i.e., that Defendant unfairly and deceptively induced Plaintiffs to execute loan documents that were premised upon a promise to provide construction financing and then refiance Plaintiffs with a conventional loan.  There are numerous causes of action, based on both federal and state laws.

Defendant has filed a Motion to stay proceedings pending arbitration pursuant to the Federal Arbitration Act 9 U.S.C.§§ 1-16 ("FAA") ( Doc. No. 6).  In support of the motion, Defendant points out that each of  the loan documents, which Plaintiffs do not dispute were signed by them, contains a choice of law provision that the loan document is governed by Federal and Delaware law, and each of the loan documents contains an arbitration agreement that states: "the parties agree to arbitrate all disputes, claims, and controversies between us whether individual, joint, or class in nature arising from this agreement [or note] or otherwise, including without limitation contract and tort disputes" and that "any disputes, claims, or controversies...

including any claim to rescind, reform, or further modify any agreement relating to the property securing this agreement [or Note], shall also be arbitrated."

The agreements provide that the arbitration shall proceed pursuant to the code of procedure of the National Arbitration Forum, and also expressly state that the FAA applies.

The Plaintiffs have responded, opposing the Motion to stay and asserting a multitude of legal principles, including arguments that the arbitration agreement is unenforceable, that the Plaintiffs did not understand that they were agreeing to Arbitration, that the loan documents are adhesion contracts, that there is "substantive unconscionability" and that the Court should hold a hearing to inquire into the intent of the parties. Plaintiffs do not state any facts that could constitute fraud. Plaintiffs also assert that the arbitration provision is cost prohibitive, even though the credit extended totaled $5,000.000.

The choice of law provisions are valid. See Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 55 (3d Cir. 1994). The Supreme Court has consistently upheld the validity and enforcement of arbitration agreements. Southland Corp. v. Keating, 465 U.S. 1, 7 (1984).

The law is clear that the Plaintiffs, as the party challenging the arbitration, have the burden of proving unconscionability. See Lloyd v. Hovensa LLC, 369 F.3d 263, 274 (3d Cir. 2004). Plaintiffs have not met this burden with any factual showing or any case on point. In fact, Plaintiffs have not supported their opposition with any affidavit or declarations supporting the shotgun type arguments made in conclusory form by their counsel. The Court finds that case law supporting arbitration agreements should be respected in this case by granting the Motion to stay pending arbitration.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW AND MELISSA PROUSI : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| THE BANKCORP BANK : | NO. 08-2208 |
| : | |
| Defendant. : | |

ORDER

AND NOW, this ___28th___ day of August, 2008, upon consideration of Defendant's Motion to Stay Proceedings Pending Arbitration of Plaintiffs' Claims, and Plaintiffs' response thereto, and for good cause shown, it is hereby:

ORDERED that Defendant's Motion is granted and this cases is stayed pending arbitration of Plaintiffs' claims.

It is FURTHER ORDERED as follows:

1. In view of the above, the case shall be transferred to the Civil Suspense File;

2. The Clerk of the Court shall mark this case closed for statistical purposes;

3. The Court shall retain jurisdiction over the case and the case shall be returned to the Court's active docket in  180  days or upon further order of the Court; and

4. The entry of this Order shall not prejudice the rights of the parties to this litigation.

BY THE COURT:

s/ Michael M. Baylson

/s MM Baylson

_____

Michael M. Baylson, U.S.D.J.

O:\Lauren\Prousi memo.wpd